PER CURIAM.
This unauthorized-practice-of-law proceeding is before us on complaint of The Florida Bar, joint stipulation of the parties, and the report of the referee approving the stipulation.
The parties have stipulated to the entry of an order and permanent injunction, which states, in pertinent part:
2.The following activities constitute the unauthorized practice of law and may not be carried out or conducted in Florida by the Respondent, who is perpetually restrained and enjoined from:
(a) holding himself out as a member of The Florida Bar and authorized to practice law in Florida;
(b) soliciting and accepting attorney’s fees in relation to loan transactions when in fact Respondent is not licensed to practice law in Florida;
(c) holding himself out as an attorney to customers of his employer in order to divert funds rightfully the property of the employer to his own personal use;
(d) drafting mortgage instruments for parties other than himself or his employer;
(e)otherwise engaging in actions which violate the order of the Supreme Court of Florida barring Respondent from engaging in the practice of law as stated in The Florida Board of Bar Examiners v. Lerner, 250 So.2d 852 (Fla.1971).
3. The Respondent now understands that his actions, as enumerated in the petition against the unauthorized practice of law ... constituted the unauthorized practice of law.
4. Having considered the pleadings and evidence, we order that Respondent be permanently enjoined from engaging in the acts set forth herein in paragraph 2 above and from otherwise engaging in the practice of law in the State of Florida, unless and until Respondent is admitted to the membership of The Florida Bar, and licensed to practice law in the State of Florida, and that, in the event that Respondent engages in any of the conduct enjoined herein, and has not been duly licensed to practice law in this state, he will be found in indirect contempt of the Supreme Court of the State of Florida for the unauthorized practice of law in this state.
5. Respondent is to make full and complete restitution to all parties who paid attorney’s fees to Respondent or who were otherwise defrauded by his engaging in the unauthorized practice of law....
6. In addition, the Respondent is ordered to pay the costs of this proceeding to Petitioner....
According to the joint stipulation, respondent has tendered to The Florida Bar $4,675.49, to be held in trust and disbursed by The Florida Bar subject to the terms set forth in the joint stipulation. The Florida Bar acknowledges that the sum of $4,675.49 constitutes full payment of restitution and costs, as those terms are contemplated in paragraphs 5 and 6 of the referee’s order.
In accordance with the joint stipulation and order, respondent is hereby permanent *827 ly enjoined from engaging in the unauthorized practice of law in the State of Florida, unless and until he becomes a member of The Florida Bar. In the event respondent engages in any of the prohibited conduct, he will be found in indirect criminal contempt of this Court.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDonald and EHRLICH, JJ„ concur.